12-4764-cv
*Gayle v. Harry's Nurses Registry, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand fourteen.

Present:
>ROBERT A. KATZMANN,
>>*Chief Judge*,
>RALPH K. WINTER,
>>*Circuit Judge*,
>VICTOR MARRERO,
>>*District Judge*.[*]

_____

CLAUDIA GAYLE, Individually, On Behalf of All Others Similarly Situated, and as Class Representative, ALINE ANTENOR, ANNE C. DEPASQUALE, ANNABEL LLEWELLYN-HENRY, EVA MYERS-GRANGER, LINDON MORRISON, NATALIE RODRIGUEZ, JACQUELINE WARD, DUPONT BAYAS, CAROL P. CLUNIE, RAMDEO CHANKAR SINGH, CHRISTALINE PIERRE, LEMONIA SMITH, BARBARA TULL, HENRICK LEDAIN, MERIKA PARIS, EDITH MUKANDI, MARTHA OGUNJANA, MERLYN PATTERSON, ALEXANDER GUMBS, SEROJNIE BHOG, GENEVIEVE BARBOT, CAROLE MOORE, RAQUEL FRANCIS, MARIE MICHELLE GERVIL, NADETTE MILLER, PAULETTE MILLER, BENDY PIERRE-JOSEPH, ROSE-MARIE ZEPHIRIN, SULAIMAN ALI-EL, DEBBIE ANN BROMFIELD, REBECCA PILE, MARIA GARCIA SHANDS, ANGELA COLLINS, BRENDA LEWIS, SOUCIANNE QUERETTE, SUSSAN AJIBOYE, JANE BURKE HYLTON, WILLIE EVANS, PAULINE GRAY, EVIARNA TOUSSAINT, GERALDINE JOAZARD, NISEEKAH Y. EVANS, GETTY ROCOURT,

_____

[*] Hon. Victor Marrero, United States District Judge for the Southern District of New York, sitting by designation.

CATHERINE MODESTE, MARGUERITE L. BHOLA, YOLANDA ROBINSON, KARLIFA SMALL, JOAN-ANN R. JOHNSON, LENA THOMPSON, MARY A. DAVIS, NATHALIE FRANCOIS, ANTHONY HEADLAM, DAVID EDWARD LEVY, MAUD SAMEDI, BERNICE SANKAR, MARLENE HYMAN, LUCILLE HAMILTON, PATRICIA ROBINSON,

*Plaintiffs-Appellees*,

v.                                                No. 12-4764-cv

HARRY'S NURSES REGISTRY, INC., HARRY DORVILIEN,

*Defendants-Appellants*.[**]

| | |
|---|---|
| For Plaintiffs-Appellees: | JONATHAN ADAM BERNSTEIN, Levy Davis & Maher LLP, New York, NY |
| For Defendants-Appellants: | RAYMOND NARDO, Mineola, NY (Mitchell L. Perry, White Plains, NY, *on the brief*) |

Appeal from the United States District Court for the Eastern District of New York (Garaufis, *J.* and Sifton, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the orders and judgment of the district court be and hereby are **AFFIRMED**.

Defendants-Appellants Harry's Nurses Registry, Inc. ("Harry's") and Harry Dorvilien appeal from a September 18, 2012 judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*), which followed four orders (Garaufis, *J.* and Sifton, *J.*) that culminated in a grant of summary judgment to the plaintiff class on their unpaid overtime claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. A fifth order (Garaufis, *J.*) adopted in full a magistrate judge's report and recommendation to correct the judgment and

---

[**] The Clerk of Court is directed to amend the caption.

2

grant attorneys' fees, yielding an amended judgment dated October 16, 2013. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review de novo a district court's grant of summary judgment, resolving all ambiguities and drawing all reasonable inferences in favor of the non-moving party. *See Wrobel v. Cnty. of Erie*, 692 F.3d 22, 27 (2d Cir. 2012). Summary judgment is appropriate only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The appellants' principal contention is that the district court erred in determining that the nurses listed and placed by Harry's were employees rather than independent contractors. We find that the district court was correct. Whether a worker is treated as an employee or an independent contractor under FLSA is determined not by contractual formalism but by "economic realities." *See Rutherford Food Corp. v. McComb*, 331 U.S. 722, 727 (1947) (internal quotation marks omitted). Our analysis of the relationship turns on the economic-reality test, which weighs

> (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business.

*Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058–59 (2d Cir. 1988). "No one of these factors is dispositive; rather, the test is based on a totality of the circumstances." *Id.* at 1059.

The relationship between Harry's and the nurses who are plaintiffs here is nearly indistinguishable from the relationship between Superior Care and the plaintiffs in *Brock*, whom we held to be employees under FLSA. *See id.* at 1057–58. The district court here explored the

3

first factor at length, finding that Harry's exercises significant control over the nurses, both economically and professionally. We agree. Indicia of economic control present here include Harry's policies that: prohibit a nurse from contracting independently with placements, although its nurses may be listed with other agencies; prohibit a nurse from subcontracting a shift to another nurse; prohibit a nurse from taking a partial shift, although a nurse may decline a whole shift; and prohibit a nurse who is unilaterally terminated from collecting contract damages, expectation damages, or liquidated damages, permitting only unpaid wages as damages. Furthermore, the hourly rate paid is not negotiated but is fixed by Harry's. Indicia of professional control present here include: the work of Harry's nursing director and nursing supervisors, who monitor the nurses' daily phone calls reporting to shifts, collect documents and conduct on-site training four to five hours each month, communicate with doctors to ensure that their prescribed care is being carried out, and handle emergencies; the ability of a nursing supervisor to require a nurse to attend continuing education to maintain their licenses; an in-service manual that nurses had to certify having read and understood; training by Harry's covering HIV confidentiality, ventilators, oxygen, and other medical subjects; and a requirement that each shift include a comprehensive assessment of the patient in the form "progress notes," which nurses had to submit to get paid.

Another critical factor is that the nurses have no opportunity for profit or loss whatsoever; they earn only an hourly wage for their labor and have no downside exposure. The nurses have no business cards, advertisements, or incorporated vehicle for contracting with Harry's, and they are paid promptly regardless of whether the insurance carrier pays Harry's promptly. We agree with the district court that this second factor weighs heavily in favor of the

nurses' status as employees. That the nurses are skilled workers in a transient workforce "reflects the nature of their profession and not their success in marketing their skills independently." *Id.* at 1061. Finally, the appellants cavil that the nurses are not integral to Harry's Nurses Registry, notwithstanding that "Nurses" is—literally—Harry's middle name. But placing nurses accounts for Harry's only income; the nurses are not just an integral part but the sine qua non of Harry's business. Considering all these circumstances, we agree with the district court that these nurses are, as a matter of economic reality, employees and not independent contractors of Harry's.

The remainder of the appellants' arguments merit less discussion. First, Harry's again fights its name by arguing that its nurses were not nurses but instead home health aides and were therefore unprotected by FLSA because of its exemption for domestic companionship workers. *See Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 161–62 (2007). Having not been raised in the district court, this affirmative defense is waived on appeal, *see Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003), but it is also wrong: The plaintiffs are all registered nurses (RNs) or licensed practical nurses (LPNs) who do not perform a "companionship service" within the meaning of the exemption at issue. *See* 29 C.F.R. § 552.6 ("The term 'companionship services' does not include services relating to the care and protection of the aged or infirm which require and are performed by trained personnel, such as a registered or practical nurse."). A related argument advanced by the appellants is that the nurses are not covered by FLSA because they do not meet the threshold requirement of having performed overtime "work," having often left jobs at hospitals caring for 40 patients to now care only for one patient in a home, a "97.5% reduction in task responsibility." Appellants' Br. 43. This argument does violence to the dictionary definition of work as well as to the dignity of nurses, and we reject it emphatically.

5

Second, the appellants misunderstand FLSA's liquidated damages provision, which presumptively awards "an additional equal amount as liquidated damages," 29 U.S.C. § 216(b), but provides for an affirmative defense in the event that a liable defendant had a reasonable, good-faith belief of compliance. *See Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987) ("Double damages are the norm, single damages the exception." (internal quotation marks and alteration omitted)). The defendants failed to carry their "difficult" burden to prove this affirmative defense; the nurses' failure to argue that defendants willfully violated FLSA has no bearing on the entirely proper liquidated-damages award. *Id.*

Third, the appellants suggest that the class of nurses should be decertified because its members lack commonality. This argument contains no citation to the record, and it is unpersuasive in any event. The district court found commonality among the class based on affidavits from some but not all of its members, the kind of "sensible" approach that we endorsed in *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010). Using affidavits from five of the thirty-five class members whose time records demonstrated overtime violations was well within the bounds of reason and practicality. *See Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 67 (2d Cir. 1997). The defendants took no discovery directed at commonality, which accounts for the appellants' lack of citations to the record and leaves us without a basis on which to disturb the district court's initial finding of commonality.

The appellants' fourth subsidiary argument is that the New York State Public Health Law should govern the outcome because Harry's is governed by Article 36 whereas Superior Care was governed by Article 28. But state law does not trump FLSA, which permits states and

localities to exceed its protections with higher minimum wages or lower maximum workweeks but not to weaken its protections in the other direction. *See* 29 U.S.C. § 218(a).

A fifth and final quibble that we discuss arose in the appellants' reply brief concerning one plaintiff, Willie Evans, who had lodged an unsuccessful complaint alleging overtime violations with the New York State Department of Labor. This argument was not adequately presented in the appellants' opening brief, which cited Evans as an example but made no argument concerning collateral estoppel. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). And its merits fail in any event—an investigator declined to pursue Evans's complaint, but that is far different from the full adjudication on the merits required for collateral estoppel. *See Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 106 (1991).

We have considered the appellants' remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK