*Isigi v. Dorvilier*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand nineteen.

PRESENT:
        DENNIS JACOBS,
        SUSAN L. CARNEY,
        MICHAEL H. PARK,
            *Circuit Judges.*

———————————————————————

ROSELYN ISIGI,

        *Plaintiff-Appellee,*

          v.                             No. 18-1343

HARRY DORVILIER, HARRY'S NURSES REGISTRY,

        *Defendants-Appellants.*

———————————————————————

FOR PLAINTIFF-APPELLEE:    Jonathan A. Bernstein, Meenan & Associates, LLC, New York, NY.

FOR DEFENDANTS-APPELLANTS:    Harry Dorvilier, pro se, Jamaica, NY; Gunilla Perez-Faringer, Esq., White Plains, NY (*for* Harry's Nurses Registry).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on April 2, 2018, is **AFFIRMED**.

Defendants-Appellants Harry Dorvilier and Harry's Nurses Registry ("HNR") appeal from a judgment of the District Court (Block, *J.*) awarding damages to Plaintiff-Appellee Roselyn Isigi following the entry of default judgment under Federal Rule of Civil Procedure 37. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

In 2016, Isigi sued HNR and its principal, Dorvilier, for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New York Minimum Wage Act, N.Y. Labor Law §§ 650 *et seq.* ("NYLL"). Isigi, a nurse at HNR, alleges that Defendants failed to pay her premium wages for overtime work. She later amended her complaint to add a retaliation claim, alleging that one of her managers responded to the lawsuit by threatening that she could lose her job and nursing license.

In 2007, before Isigi began working for HNR, Claudia Gayle, another HNR nurse, brought essentially identical claims against Defendants on behalf of HNR nurses who had similarly been denied premium wages for overtime work. *See Gayle v. Harry's Nurses Registry, Inc.*, No. 07-cv-4672 (E.D.N.Y.) (the "*Gayle* Action"). The District Court granted summary judgment in favor of the plaintiff class, rejecting Defendants' argument that the nurses were independent contractors and therefore not entitled to an overtime premium, and we affirmed. *See Gayle v. Harry's Nurses Registry, Inc.*, 594 F. App'x 714, 719 (2d Cir. 2014).

In September 2017, more than a year after Isigi sued, the Magistrate Judge (Gold, *M.J.*) filed a Report and Recommendation (the "2017 R&R") recommending that the District Court enter a default against Defendants due to their repeated violations of the court's discovery orders. The District Court adopted the 2017 R&R with one exception: instead of merely entering a default, the court entered a default judgment under Rule 37(b)(2)(A)(vi) and referred the case back to the Magistrate Judge "for consideration of damages and any other appropriate remedies." *Isigi v. Harry's Nurses Registry, Inc.*, No. 16-cv-2218, 2017 WL 4417659, at *2 (E.D.N.Y. Oct. 4, 2017). To justify the default judgment, the District Court cited "Defendants' repeated failures to participate in discovery or attend hearings," including Dorvilier's "willful defiance" of the Magistrate Judge's orders to appear for his deposition. *Id.* at 1, 2.

In March 2008, the Magistrate Judge issued a second report (the "2018 R&R"), recommending that Isigi be awarded $322,227.28 in damages, including unpaid overtime wages, liquidated damages, pre-judgment interest, lost wages, emotional distress damages, and attorneys' fees and costs. *Isigi v. Dorvilier*, No.

3

16-cv-2218, 2018 WL 1598613, at *7 (E.D.N.Y. Mar. 14, 2018). The 2018 R&R warned Defendants that they had 14 days to object and that "[f]ailure to object to this Report may waive the right to appeal the District Court's Order." *Id.* Defendants never objected, and the District Court adopted the 2018 R&R. *See Isigi v. Dorvilier*, No. 16-cv-2218, 2018 WL 1597386, at *1 (E.D.N.Y. Apr. 2, 2018).

On appeal, Defendants do not challenge the District Court's decision to enter a default judgment as a sanction for their multiple discovery violations.[1] Instead, they argue that the well-pleaded factual allegations of Isigi's complaint do not establish liability. Additionally, they contest the amount of damages awarded, arguing that certain portions of the award lack support in the record. Both challenges plainly fail.

"[T]he legal effect of a default judgment" is that the defendant is deemed to have "admitted every well pleaded allegation of the complaint." *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971) (internal quotation marks omitted), *rev'd sub nom. on other grounds Hughes Tool Co. v. Trans World Airlines, Inc.*, 409 U.S. 363 (1973); *see also Jackson v. Fed. Express*, 766 F.3d 189, 194 n.2 (2d Cir. 2014). However, the admission of factual allegations does not amount to an

---

[1] To the extent that Defendants' appellate briefs can be understood as raising such a challenge, it is without merit. While default judgment should be imposed as a Rule 37 sanction in only "extreme situations," it may be appropriate "when a court finds willfulness, bad faith, or any fault on the part of the noncompliant party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) (internal quotation marks omitted). Here, over the course of a year, Defendants repeatedly failed to comply with the Magistrate Judge's discovery and scheduling orders, notwithstanding multiple warnings that continued noncompliance would result in a default.

admission of liability; the court is still "required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Here, Isigi has alleged (and Defendants are deemed to admit) that her employment with HNR was substantially identical to that of the nurses who prevailed in the *Gayle* Action. Therefore, under the doctrine of collateral estoppel, the determination in *Gayle* that the nurses are entitled to an overtime premium establishes Isigi's entitlement to the same. Moreover, Defendants' liability on Isigi's retaliation claim is established by her allegations that (1) a manager warned her that she could lose her job and nursing license due to her lawsuit; and (2) Defendants stopped paying her shortly after she filed suit.

As to the damages award, Defendants waived appellate review by failing to object to the 2018 R&R. "[F]ailure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision," provided "the parties receive clear notice of the consequences." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015). While we have discretion to excuse a failure to object "in the interests of justice," we will ordinarily not exercise that discretion unless "the magistrate judge [has] committed plain error." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). Here, the 2018 R&R provided Defendants with the requisite notice, *see Isigi*, 2018 WL 1598613, at *7, and Defendants offer no explanation for their failure to object. Furthermore, we identify no error—much less plain error—in the Magistrate Judge's careful review of the parties'

5

submissions and evidence. There is no reason to invoke our "interests of justice discretion" to excuse their failure to object. *Spence*, 219 F.3d at 174.

\* \* \*

We have considered Defendants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court