*Gayle v. Harry's Nurse Registry*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand twenty.

PRESENT:  RALPH K. WINTER,
          PETER W. HALL,
                    *Circuit Judges*,
          DENISE COTE,*
                    *District Judge.*

———————————————————————

Claudia Gayle, Individually, On Behalf of All Others Similarly Situated and as Class Representative, Aline Antenor, Anne C. DePasquale, Annabel Llewellyn-Henry, Eva Myers-Granger, Lindon Morrison, Natalie Rodriguez, Jacqueline Ward, Dupont Bayas, Carol P. Clunie, Ramdeo Chankar Singh, Christaline Pierre, Lemonia Smith, Barbara Tull, Henrick Ledain, Merika Paris, Edith Mukardi, Martha Ogun Jance, Merlyn Patterson, Alexander Gumbs, Serojnie Bhog, Genevieve Barbot, Carole Moore, Raquel Francis, Marie Michelle

———————————————————————

* Judge Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

Gervil, Nadette Miller, Paulette Miller, Bendy Pierre-Joseph, Rose-Marie Zephirin, Sulaiman Ali-El, Debbie Ann Bromfield, Rebecca Pile, Maria Garcia Shands, Angela Collins, Brenda Lewis, Soucianne Querette, Sussan Ajiboye, Jane Burke Hylton, Willie Evans, Pauline Gray, Eviarna Toussaint, Geraldine Joazard, Niseekah Y. Evans, Getty Rocourt, Catherine Modeste, Marguerite L. Bhola, Yolanda Robinson, Karlifa Small, Joan-Ann R. Johnson, Lena Thompson, Mary A. Davis, Nathalie Francois, Anthony Headlam, David Edward Levy, Maud Samedi, Bernice Sankar, Marlene Hyman,

*Plaintiffs-Appellees*,

v.  18-3472

Harry's Nurses Registry, Harry Dorvilier,

*Defendants-Appellants*.†

_____

| | |
|---|---|
| For Appellant: | MICHAEL CONFUSIONE, Hegge & Confusione, LLC, Mullica Hill, New Jersey. |
| For Appellee: | JONATHAN A. BERNSTEIN, Meenan & Associates, LLC, New York, New York. |

Appeal from an order of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

_____

† The Clerk of Court is respectfully requested to amend the caption as stated above.

2

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Harry Dorvilier and Harry's Nurses Registry appeal from an order of the United States District Court for the Eastern District of New York (Garaufis, *J.*) dated September 30, 2018, denying Appellants' motion for sanctions against plaintiffs' counsel. We assume the parties' familiarity with the underlying facts, the record of prior proceedings, and the arguments on appeal, which we reference only as necessary to explain our decision to affirm.

I.

In 2007, plaintiffs sued defendants under the Fair Labor Standards Act ("FLSA"), seeking unpaid overtime pay and attorneys' fees. The district court granted plaintiffs' motion for summary judgment and entered judgments in favor of the plaintiffs for unpaid wages and liquidated damages and for attorneys' fees. Defendants-Appellants appealed, and we affirmed the judgment in *Gayle v. Harry's Nurses Registry, Inc.*, 594 F. App'x 714 (2d Cir. 2014).

In September 2017, Appellants moved for sanctions against plaintiffs' counsel, arguing that counsel had not properly accounted for the monies collected in satisfaction of the judgments and had collected more than he was entitled to in

3

attorneys' fees. Appellants specifically contended that plaintiffs' counsel "'double dipped' by charging his clients for contingency fees and also charging those same fees over to [Appellants] amounting to an extra $171,643.73 paid by [Appellants] under the federal judgment." App. 275. Plaintiffs' counsel opposed Appellants' motion. In support of their respective positions, both parties submitted evidence, including affidavits signed by plaintiff nurses asserting they received less compensation than was awarded to them and financial records demonstrating that the funds were appropriately disbursed. Defendants-Appellants requested that the district court hold an evidentiary hearing to resolve this conflicting evidence and determine whether plaintiffs' counsel properly disbursed the money he collected from them.

The district court referred the motion for sanctions to Magistrate Judge Go. In September 2018, the magistrate judge issued a Report and Recommendation ("R & R"), recommending that the motion be denied. The magistrate judge found that the bank statements and copies of checks that were submitted by plaintiffs' counsel "provide persuasive evidence that appropriate funds were disbursed to the plaintiffs," SA 31, and called the allegation that plaintiffs' counsel had 'double dipped' a "bald assertion" unsupported by any evidence other than affidavits of

4

the plaintiffs, many of which were contradicted by the bank statements and check copies. SA 32. The district court adopted the R & R over Appellants' objections and denied the motion for sanctions, specifically rejecting as "unsupported by any legal authority or factual basis" Appellants' argument that an evidentiary hearing should have been held. SA 6. Appellants appeal the district court's order.

## II.

We review a district court's decision to deny a party's motion for sanctions for abuse of discretion. *Virginia Properties, LLC v. T-Mobile Northeast LLC*, 865 F.3d 110, 113 (2d Cir. 2017). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks omitted).

## III.

Federal Rule of Civil Procedure 78(b) allows a court to determine motions on briefs without the need for an oral hearing. Appellants argue that, though a district court is permitted to decide a motion for sanctions on submissions alone, it should have ordered an evidentiary hearing in this case because there were disputed facts. Appellants cite no authority for the proposition that a district

5

court errs when it does not hold an evidentiary hearing for a non-dispositive motion in a civil case, and we have found no error even in a district court's *imposition* of sanctions without a full evidentiary hearing. *See, e.g.*, *In re 60 East 80th Street Equities, Inc.*, 218 F.3d 109, 117 (2d Cir. 2000) ("The opportunity to respond [to a motion for sanctions] is judged under a reasonableness standard: a full evidentiary hearing is not required . . . ."). Absent any caselaw to the contrary, we decline to find error in the district court's decision to rule on the motion for sanctions without holding an evidentiary hearing.

Nor do we think the district court abused its discretion in ultimately declining to impose sanctions on plaintiffs' counsel. In its R & R, which the district court adopted, the magistrate judge carefully scrutinized the available evidence before recommending the motion be denied because "defendants have not presented sufficient evidence to support . . . their [contention] that [plaintiffs' counsel] pocketed monies that should have been distributed to the" plaintiffs. SA 32. Neither the district court's reliance on this thorough analysis nor that court's ultimate conclusion that the evidence did not warrant imposing sanctions on plaintiffs' counsel was error.

6

* * *

We have considered Appellants' remaining arguments and find them to be without merit.   We hereby **AFFIRM** the order of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court